**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| MARIA ANGIE FUENTES, | § § § | |
| Plaintiff, | § § | |
| vs. | § | No. 3:04-CV-1859-B |
| | § § | |
| JOHN E. POTTER, Postmaster General of the United States of America, | § § § § | |
| Defendant. | § § | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, John E. Potter, Postmaster General of the United States of America, by and through the United States Attorney for the Northern District of Texas, answers Plaintiff's Complaint. Matters not specifically admitted are generally denied. The Defendant answers the consecutively numbered paragraphs as follows:

1. Defendant only admits the allegations that the United States Postal Service is a covered employer under Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act of 1967 (ADEA). Defendant denies the remaining allegations in Paragraph 1.

2. The allegations contained in paragraph 2 of said complaint constitute Plaintiff's allegations of jurisdiction, to which no response is required.

To the extent this paragraph may be construed as containing allegations of fact, those allegations are denied.

3. The allegations contained in paragraph 3 of said complaint constitute Plaintiff's allegations of relief, to which no response is required. To the extent this paragraph may be construed as containing allegations of fact, those allegations are denied.

4. Defendant admits that Plaintiff is Hispanic of Mexican descent who is an employee of the USPS and denies the remaining allegations in Paragraph 4.

5. The allegations in paragraph 5 contain constitute Plaintiff's allegations of jurisdiction, to which no response is required. To the extent this paragraph may be construed as containing allegations of fact, those allegations are denied.

6. The allegations in paragraph 6 contain constitute Plaintiff's allegations of venue, to which no response is required. To the extent this paragraph may be construed as containing allegations of fact, those allegations are denied.

7. Defendant admits the allegation in Paragraph 7.

8. Defendant admits John E. Potter is the administrative head of the United States Postal Service (USPS). Defendant further admits that the USPS has postal service facilities throughout the Northern District of Texas.

9. Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiff has over thirty (30) years of governmental service without a single blemish and began working as a student aide making $1.60. Defendant admits that Plaintiff worked in Human Resources in the Injury Compensation Program.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant admits that Plaintiff was the Injury Compensation Manager but denies the remaining allegations.

14. Defendant admits that there was an audit of the Injury Compensation Department but is without sufficient knowledge to admit or deny the remaining allegations.

15. Defendant admits that Plaintiff was the Injury Compensation Manager and Thelma Pamplin was the Acting Human Resources Manager but is without sufficient knowledge to admit or deny the remaining allegations.

16. Defendant admits that Mary Young was detailed as the Acting Human Resource Manager but denies the remaining allegations.

17. Defendant admits that Plaintiff has filed an EEO complaint and that on August 9, 2002, Plaintiff met with Joseph Hawkins, who was detailed as

the Labor Relations Specialist, at that time, but denies the remaining allegations.

18. Defendant admits that a letter dated September 12, 2001 was sent to the Plaintiff offering her a modified job assignment in accordance with the Joint Office of Workers' Compensation Program (OWCP) and the Defendant's Postal Service Rehabilitation Program. The modified job assignment was as a supervisor of Vehicle Supplies however, Defendant denies that Plaintiff was taken out of her position as Manager of Injury Compensation and not given any appeal rights. Defendant is without sufficient knowledge to admit or deny whether on November 16, 2001, Plaintiff learned that her position as Manager of Injury Compensation had been posted and denies the remaining allegations. The Defendant admits that employees were placed in Plaintiff's position but denies that the Plaintiff was replaced by a Black female.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant admits that on July 11, 2002 Plaintiff submitted a doctor's note, but denies the remaining allegations of the first sentence of paragraph 21. Defendant denies that Plaintiff had been released, and therefore denies the second sentence of paragraph 21. Defendant admits that Plaintiff contacted Denise Cameron, a black manager of Human

Resources. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 21 at this time.

22. Defendant admits that it sent three letters scheduling Plaintiff for fitness for duty examinations but has insufficient information to admit or deny the remaining allegations to paragraph 22.

23. Defendant admits that Plaintiff was allowed to return to work after the results from the last fitness for duty evaluation were received. Defendant further admits that at this time Freddy Evans, a black female, is the Acting Manager of Injury Compensation but denies the remaining allegations.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

### IV. CAUSE OF ACTION – AGE DISCRIMINATION

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegation in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

### V. CAUSE OF ACTION – TITLE VII AND RETALIATION

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

## VI. JURY DEMAND

32. The allegations contained in paragraphs 32 (a)-(j) of said complaint contain legal argument for which no response is required. To such an extent that a responsive pleading may be required, Defendant denies these allegations in paragraphs 32(a)-(j). Defendant specifically denies that Plaintiff, as a federal employee, is entitled to a trial by jury under the ADEA and avers that any action under the ADEA shall be tried by the Court without a jury.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of discrimination on the basis of age, race and national origin.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of discrimination on the basis of retaliation.

### THIRD AFFIRMATIVE DEFENSE

At all times the Defendant acted in good faith and his actions, if any, were based upon legitimate business reasons, lawful principles of personnel management, and legitimate managerial need for each challenged action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that Defendant's legitimate, non-discriminatory reasons are a pretext for discrimination.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot show that there is a causal connection to her alleged protected activity and any of the Defendant's actions.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to exhaust her administrative remedies with respect to all or part of her claims, and has shown no basis for equitable tolling to be applied, her claim should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive or exemplary damages under 42 U.S.C. § 1981a(b)(1).

WHEREFORE, Defendant requests that Plaintiff takes nothing by her Complaint, that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be granted such further relief that the Court may deem proper in this matter.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
SUSAN L.S. ERNST
Assistant United States Attorney
Texas Bar No. 18519600
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.2916

OF COUNSEL:

ELIZABETH RAMIREZ-WASHKA
Attorney
Law Department, Southwest Office
United States Postal Service
Dallas, TX 75222-7078
Telephone: 214.252.6100
Facsimile: 214.252.6173

## CERTIFICATE OF SERVICE

I certify that on the 1st day of November 2004, a true and correct copy of the Defendant's Answer to Plaintiff's Original Complaint was mailed, First Class Mail, postage prepaid, to the following:

Rebecca L. Fisher
Rebecca L. Fisher & Associates
700 S. Main Street
P.O. Box 417
McGregor, Texas 76657

_____
SUSAN L.S. ERNST
Assistant United States Attorney

Defendant's Answer and Affirmative Defenses – Page 8